## Tross v. Bills' Executrix.

(Decided September 28, 1920.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, Fourth Division).

1. Bills and Notes—Endorsement for Transfer—Presentment.—The
unqualified, unrestricted and unconditional endorsers, of a plain
and unambiguous negotiable promissory note undertake, that on
due presentment, the note will be paid according to its tenor.

2. Bills and Notes—Parol Declarations—Altering Terms of Contract.
—Proof of contemporaneous parol declarations and agreements is
not admissible to contradict, vary, modify or alter the terms of
a written contract, including notes and bills, unless the writing
only purports to express a part of the contract, or the contract
is expressed in such short and incomplete terms, that in and of
itself it is unintelligbile, and then the offered evidence must not
be inconsistent with the written terms.

3. Bills and Notes—Parol Agreement—Cause of Action or Defense
Based Upon.—A cause of action or defense can not be based upon
the proof of contemporaneous parol agreements between the
obligor and obligee in a promissory note, which have the effect,
if sustained, to destroy the obligatory character of the note or
to restrain or impair its legal effect according to its tenor, unless it
is pleaded and shown, that through fraud or mistake of the par-
ties, the terms of the note fail to express the intentions of the
parties as agreed upon.

4. Bills and Notes—Surety—Parol Agreement to Become.—A parol
agreement made between the obligor and obligee, at the time of
the execution of a promissory note, to induce the obligee to be-
come a surety upon it, that the obligor will obtain another surety
to it, does not have the effect to impair the obligation of the

surety, but, will support a cause of action for damages, in the event of the failure of the obligor to perform his promise.

HENRY J. TILFORD and O'NEAL & O'NEAL for appellant.

BRUCE & BULLITT for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This was an action by Henry E. Bills, now deceased, against the appellant, Fred Tross, upon a negotiable promissory note, for the sum of $6,000.00, and which was executed by the Globe Furniture Company, on April 5, 1911, to Bills, and by which it promised to pay the sum named four months, thereafter, and was endorsed by Tross and one John Rohrman. The principal obligor in the note and Rohrman, one of the endorsers, have since the execution and delivery of the note, both, received discharges in bankruptcy, and hence the action for recovery upon the note was instituted against Tross, alone. Tross filed an answer and counterclaim on June 17, 1916, and an amended answer and counterclaim on November 27, 1917, and after the conclusion of the evidence at a trial had on January 15, 1918, he offered a second amended answer, which the court refused to permit to be filed. At the conclusion of the evidence, the court directed a verdict for the plaintiff, and from the judgment rendered upon the verdict, Tross has appealed. Since the trial, Bills has died, and the action has been revived in the name of his executrix. The complaints made of the trial court, by the appellant, are, that it erred to the prejudice of appellant:

First, by refusing to permit the amended answer offered on January 15, 1918, to be filed.

Second, by peremptorily directing a verdict for the plaintiff.

To an understanding of the questions involved, a statement of the facts, alleged as a defense and counterclaim, as well as the evidence offered in support will necessarily be considered. The original answer and counterclaim was set out in four paragraphs, but the matters alleged in the first and third paragraphs were either withdrawn or eliminated, and hence the cause went to trial upon the second and fourth paragraphs of the original answer and counterclaim and the amendments to same of November 27, 1917, and the denials of same made by Bills in his replies, thereto. The same state of facts were pleaded in the second paragraph of the orig-

inal answer and counterclaim, and its amendment, as a
defense in bar of recovery upon the note, as were pleaded
in the fourth paragraph of the original answer and
counterclaim and its amendment, as a counterclaim
against Bills.  The facts averred in the original answer
and counterclaim as a bar to recovery upon the note, and,
also, as a counterclaim were, that the original note for
the money sued for was executed either in 1909 or 1910,
and that it underwent a great many renewals, the last
one of which was the note sued on, and that when the
original note was executed, and, thereafter, until after
the note sued on was executed, and until the principal ob-
ligor in the note, the Globe Furniture Company, which
was a corporation passed into bankruptcy, the plaintiff
Bills, the defendant Tross, John Rohrman and Albert S.
Phillips were directors and principal stockholders of the
corporation, and that Bills owned stock of the par value
of $10,000.00, and Tross, Rohrman and Phillips each,
owned stock of the par value of $3,000.00.  The corpora-
tion was financially distressed, when Bills agreed to loan
it, the sum of $6,000.00 upon the note of the corporation,
if Tross, Rohrman and Phillips would severally guaran-
tee the payment of such portion of the note, as was in the
proportion, which the stock owned by them, bore to the
entire stock of the corporation; while Bills agreed, that
he would guarantee the payment of such part of the note
as was in the proportion of the stock owned by him in
the corporation.  Tross, Rohrman and Phillips would,
thus, each be responsible for 3/19 of the note, if not paid
by the Globe Furniture Company, and Bills would pay to
himself 10/19 of the note.  This proposition was agreed
to, the money was loaned by Bills to the corporation, the
note was executed and endorsed by Bills, Tross, Rohrman
and Phillips, and not being paid at maturity was there-
after regularly renewed under the same terms and condi-
tions and that Bills procured Tross to endorse the note
sued on by expressly representing that he himself would
endorse the note and would, also, procure Rohrman and
Phillips each to endorse it, and that in the event the prin-
cipal obligor did not pay it, that each of the endorsers,
would be responsible for only such a part of it as the
stock owned by him was in proportion to the entire stock
of the corporation, and that the note should not become
obligatory and would not be used by him (Bills) until it
had been endorsed by himself, and by Rohrman and
Phillips, and that such representations of Bills which
were relied upon by Tross, and Bills' endorsement of the

note constituted the entire consideration for the endorsement by Tross, but, that Bills fraudulently failed to endorse the note sued on, or to obtain the endorsement of Phillips, and that these facts wrought a release of Tross' obligation as an endorser of the note. In the counterclaim Tross, further, averred, that at the time of the execution of the note, and its endorsement by him and at the time of its maturity, Bills, Tross, Rohrman and Phillips were each solvent, but since, the Furniture Company and Rohrman have each been adjudged bankrupts, and that the wrongful failure of Bills to endorse the note and to secure the endorsement of Phillips rendered defendant liable for the payment of the entire note, to his great damage. Tross, by the amendments of November 27, 1917, averred, that he was mistaken in the allegations made in the original answer and counterclaim touching Phillips, and that the agreement which Bills made with him at the execution of the original note was that he would endorse the note and obtain its endorsement by Rohrman, and that in the event it was not paid by the principal obligor, Bills, Tross, and Rohrman should be responsible each, for such part of it, as the stock owned by him in the corporation was to the entire stock of the corporation, that is, Tross and Rohrman would be liable for 3/16 of the note, each, and Bills for 10/16 of it, and the renewals of the note thereafter, including the note sued on was made under the same terms and conditions, except that at several of the last renewals, Bills promised to obtain the endorsement of Crawford, who was also a stockholder, and that he secured the defendant to endorse the note sued on by representing to him that his liability would be only as above stated, which with the endorsement of Crawford would be for 3/17 of the note, and that he, Bills, would endorse the note, and obtain the endorsements of Rohrman and Crawford, and that defendant's endorsement would not become binding upon him, until Bills, Rohrman and Crawford endorsed the note, but Bills fraudulently failed to endorse it himself or to obtain the endorsement of Crawford, who was solvent at all the times mentioned and at the time the note was sued on. The amended answer of January 15, 1918, which was rejected by the court, withdrew the amended answer and counterclaim of November 27, 1917, and alleged that Crawford was when the original note was executed and at all times thereafter a stockholder of the Globe Furniture Company, and that Bills had at the time of the execution of

the original note, and at the time, the note sued on was executed, agreed, represented and warranted to Tross that the note should not become obligatory upon him and that he would not use the note until the endorsements of Rohrman, Phillips and Crawford had been obtained thereon. Tross pleaded, that by virtue of the alleged agreements, he was only bound for $945.00 of the note sued on, and this to be credited by $700.00 already paid by him. The evidence offered by Tross, although disputed and contradicted, tended to prove that before the original note was executed, Bills proposed to lend the corporation the money, if all the stockholders, including himself, should endorse the note and be responsible for the payment of the note, in the event the corporation did not pay it, in the proportion, that the stock owned by each bore to all the stock of the corporation, and that Tross and Rohrman agreed to this, and the note given for the money was endorsed by Bills, Tross and Rohrman. The renewals of the note were all endorsed by the same parties and in addition, some of them by Phillips and Crawford, until the note sued on was executed, when Bills left it with the bookkeeper of the corporation, with directions for her to secure all the stockholders to endorse it, and directed her to say to them, that when they had all endorsed it, he would, also endorse the note, and would not use it until he and all the others had endorsed it. The note when read in the evidence had been endorsed only by Tross and Rohrman. The stockholders and the amount of stock held by each were as follows, Bills $10,000.00; Rohrman, Phillips, Tross, $3,000.00 each; Crawford $1,000.00, and the Barth estate was, also, a stockholder, but the value of the stock owned by it, is not disclosed, nor is there any evidence which tends to prove, that the original note or any of its renewals was ever endorsed by the representatives of the Barth estate. The last renewal, before the note sued on, was endorsed by Crawford, Tross and Rohrman, but not by Bills, but, Crawford deposed that he had no memory of having endorsed it, and does not know how it came about. Tross pleaded that by virtue of the alleged agreements as to the extent of his liability upon the note, he was only bound for $945.00 of the note, and this to be credited by $700.00, already paid by him and being liable for the entire note, he was damaged in the sum of the note less $945.00.

(a) Putting aside the question as to whether the evidence supported the averments of the answer and

counterclaim as amended, including the amendment offer-
ed, but not permitted to be filed, and the propriety of
its rejection, it is very clear, that the matters plead and
attempted to be proved, do not constitute a defense, which
would bar a recovery upon the note, if for no other rea-
son, than that they were not provable. The written con-
tract which consisted of the note executed by the Globe
Furniture Company to Bills, purported to be the entire
contract between the parties, and was clear and unam-
biguous. It was an unqualified promise to pay. The
endorsers by their unqualified, unconditional and unre-
stricted endorsements engaged that on due presentment
the note should be paid according to its tenor. Section
66, subsection 2, chapter 90b, Kentucky Statutes. A gen-
eral rule of evidence is that proof of contemporaneous
parol declarations and agreements is not admissible to
contradict, vary or alter the terms of a written contract,
unless the writing only purports to express a part of
the contract, or the contract is set out in short and in-
complete terms, which makes parol evidence necessary to
make clear, what of itself, is unintelligible, and then the
offered evidence must not be such as is inconsistent with
the terms of the writing. Castleman-Blakemore v. Pick-
rell Craig Co., 163 Ky. 750; Farmers' Bank v. Wickliffe,
131 Ky. 787; Fairbanks, Morse Co. v. Manning, 164 Ky.
478; Citizens' Bank, etc. v. Millett, 103 Ky. 1; Kreitz v.
Gallenstein, 170 Ky. 16; McKegny v. Wedekind, 6 Bush
107; Dale v. Pope, 4 Litt. 166. The same rule is applied
when attempts are made to prove prior and contempo-
raneous parol agreements and declarations, in defense
of the recovery upon notes and bills. Garter v. Chandler,
2 Bibb 246; Williams v. Beazely, 3 J. J. M. 577; Bowers
v. Linn, 14 K. L. R. 889; Moore v. Porter, 15 K. L. R. 125;
Allen v. Thompson, 108 Ky. 476; McCoun's Admr. v.
Jennings, 2 K. L. R. 315; Ward v. Jones, 11 K. L. R.
273; Curran v. Askin, 7 K. L. R. 367; Citizens' Bank v.
Millett, *supra*. The presumption is, that when parties
have reduced their contracts to writing, all the nego-
tiations are merged into the writing, and the final con-
clusions of the parties are embraced in it, and if a party
would show, that a plain, unambiguous writing, fails to
express the intentions of the parties, he must show, that
it fails to do so, because of fraud or mistake in the
preparation and execution of the writing. In the instant
case, there was no allegation or intimation, that either by
fraud or mistake there was any part of the contract left
out of the written memorial, nor was there any attempt

to put any other terms into the writing on the ground that they had been omitted through fraud or by mistake. By the endorsement of the note, Tross agreed to be bound for and to pay the entire amount of it, if the primary obligor failed to pay it; the terms of the note show that it was payable to Bills, and hence any evidence of parol contemporaneous agreements, which conduced to show, that the endorser's liability was only for a less and different amount from the entire sum, or that the payee was to suffer a loss of the greater portion of the debt, in the event the corporation did not pay it, would surely be proof of a contract the terms of which were entirely different and contradicory of the terms of the written contract. It would be an attempt to inject terms into the written contract, which confessedly were not left out by either fraud or mistake, and to substitute for the written contract an entirely different one founded upon parol evidence. The effect of this would be to destroy the reason and efficacy of reducing contracts to writing. For such reason the evidence offered by Tross to prove that the terms of the note were different from their expression in the note, and that his obligation thereon was different from such expression, and that the payee as designated in the note was in reality an obligor upon it; or that it would not become obligatory by the endorsers until it should be endorsed by others and the obligee himself, or that the note could be held as an escrow by any parol agreement was all incompetent to support a defense in bar of recovery upon the note by the obligor in accordance with its tenor.

(b) It is insisted, however, that the facts pleaded constitute a valid counterclaim in favor of Tross as against Bills, especially, as alleged in the amendment of January 15, 1918, which was rejected and of which ruling of the court Tross complains. It was held in Murphy v. Hubble, 2 Duv. 247, that if an obligee in a note induces another to become a surety of the principal obligor by a verbal promise to secure some other to also become a surety upon it and fails to keep the promise and the surety is required to pay the entire sum of the note, when otherwise, he would have had a right of contribution from the promised co-surety, the surety would have an action against the obligee for the damages sustained. This doctrine was placed upon the ground that the promise of the obligee to one as an inducement to become a surety did not in any way restrain or impair the latter's obligation upon the note and the proof of it did not

affect the validity of the note nor change nor modify its terms and the maker of such a promise failing to keep it would be legally bound for the damages sustained by relying upon it. This doctrine has been followed and approved in several adjudications, since, and notably in Gaar v. Louisville Banking Co., 11 Bush 180; Hudspeth v. Taylor, 108 Ky. 520; Rohrman v. Bonser, 157 Ky. 397, and has now been too long adhered to to be now disregarded, whatever may be thought of the soundness of the reasons upon which it is based. In no instance to which attention has been called, however, have the courts upheld as a cause of action a state of facts arising out of a contemporaneous parol agreement between an obligor and obligee in a note, which, if sustained, would destroy the obligatory character of the note or restrain or impair the obligations expressed in it. The rejected amendment in the instant case did not contain an express averment that Bills as an inducement to Tross to become an endorser of the note promised that he would also procure Crawford to endorse it, which according to the doctrine of the cited cases, would not have been a promise or agreement contemporaneously and orally made, which would have the effect of impairing the obligatory effect of the note or to change its terms or legal effect, but the allegation is that at the time of the execution of the original note and, also, the note sued on that Bills agreed and represented to Tross that the note should not be in any way obligatory, nor would he use same until the endorsements of Bills, Rohrman, Phillips and Crawford had been obtained upon it. Construing the pleading according to the usual rule most strongly against the pleader, this amounted only to an averment of a parol contemporaneous agreement between the obligor and obligee that the note, although executed and delivered, contrary to its terms, should have no legal effect or binding obligation until some other fact transpired and that by reason of such agreement it should be held in escrow without legal effect until some other fact should transpire presumably to be effected by the obligee. The note, however, having become a binding obligation upon Tross by his execution and delivery of it, the evidence of such alleged agreement would not be admissible in support of an action for reasons heretofore assigned and hence the rejection of the amendment was not error. Murphy v. Hubble, 2 Duv. 247.

The rejection of the second proposed amendment left the original counterclaim and its first amendment,

and conceding, for the present, that the evidence was sufficient to support its averments the cause of action relied upon was that Bills had agreed by parol to endorse the note himself and promised at the execution of several of the renewals to secure the endorsement of Crawford, but had failed to either endorse the note sued on himself, or to secure the endorsement of Crawford. To permit evidence to the effect that an obligee in a promissory note, at the time of its execution, agreed, by parol, to become liable for the payment of the note himself, would be so utterly repugnant to and contradictory of the terms and legal effect of the note, that it would not be admissible for any purpose where the terms of the contract were the issue for adjudication. As to the alleged cause of action arising from the failure to secure the endorsement of Crawford, it is specially averred in the pleading, and the evidence seems to be consistent with it, that the note, when originally executed, and at a number of the renewals of it thereafter, was not endorsed by Crawford. It had been accepted by Bills with the endorsements of Tross and Rohrman and whoever else had endorsed it, if any one, and no consideration is alleged or shown for Crawford's endorsement of it, and hence Crawford would not have been liable for the note, if his endorsement had been secured, and hence no injury could have resulted to Tross who was already bound fully upon the note by the failure of Crawford to endorse it. It will be observed, that the note, although negotiable, was never transferred, and is sued upon by the original holder to whom in the first instance it was executed.

The judgment is therefore affirmed.