## Cumberland & Manchester Railroad Company v. Lucas.

(Decided January 29, 1929.)

THOS. D. TINSLEY and MURRY L. BROWN for appellant.

WILLIAM LEWIS and D. Y. LYTTLE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The Cumberland & Manchester Railroad Company operates a railroad extending from Heidrick, in Knox county, to Manchester, in Clay county. John B. Lucas owned some coal lands in Clay county adjoining the railroad right of way. With the view of developing his coal land, Lucas desired to build a side track connecting with the north end of the railroad's main line and extending to his coal tipple. To do this it was necessary to build a side track about 1,000 feet in length. For a distance of 250 feet the side track was over the company's right of way theretofore conveyed to it by Lucas. For the remainder of the distance the side track was to be over Lucas' land. For the purpose of carrying the plan into execution, Lucas, as party of the first part, and the railroad company, as party of the second part, entered into a written contract on June 6, 1918. The material provision of the contract is as follows: "The first party agrees to convey by General Warranty Deed, a strip of land 100 feet in width from a point of intersection with first party's land to a point 50 feet beyond the end of the proposed side track, said strip to be 30 feet wide on the west side of the center line of the proposed side track and 70 feet on the east side. In the event the side track is taken up the said strip of land to be reconveyed to the second party. In the event the second party rent any part of the said strip of land, the first party to be paid half of the rental received as rental until the first party has received the amount expended in the construction of said side track less the amount of refunds to be paid by second party for rail and angle bars as hereinafter stated: the *first* party to submit *first* party an itemized statement of the expenditures within thirty days after completion of said side track." By other provisions the first party agreed to pay the entire cost of the construction of the side track, while the second party agreed to refund the cost of rail and 50 per cent. of cost of angle bars at the rate of $1.50 per car of revenue coal freight

shipped from the side track. It was also provided that, if the side track should be at any time abandoned, the land and right of way should be conveyed back to the first party. Another provision of the contract is as follows: "Second party to have use of said side track for themselves and other shippers without any consideration to first party except as herein stated, provided however, that first party shall have the prior right to use the said track for loading coal where his tipple is located."

Lucas brought this suit to recover certain sums claimed to be due under the contract. From a judgment in favor of Lucas, this appeal is prosecuted.

The only portion of the judgment complained of is the following: "The court further finds that more than three hundred cars were loaded or unloaded upon the Lucas siding after its construction, and for which the defendant agreed to pay a reasonable rental; and the court finds that they charged and collected at the rate of $10, $11.50, and $12.50 per car for this loading privilege, otherwise in the pleadings and evidence the 'main line loading charge,' and the court is of the opinion and finds it was the duty of defendant under the contract made with the plaintiff and sued on herein to charge and collect a reasonable rental for each car so loaded, on said siding, and while the court can not ascertain the exact number of cars so loaded, the court does find that there was at least three hundred cars so loaded, and for which this main line loading charge should have been collected, and the defendant is entitled to recover the minimum charge upon same which is $10.00 each, amounting to the sum of three thousand dollars ($3,000.00) fifty per cent. of which would be $1,500.00 due to the plaintiff. And plaintiff is adjudged to recover on this rental the sum of Seventeen hundred dollars, $1,700.00." In item 3 of the judgment the court held that the railroad company had collected as ground rental from the Lucas right of way the sum of $200, of which Lucas was entitled to one-half.

On the hearing it developed that during the month of June, 1920, appellant issued under the authority of the Interstate Commerce Commission a local and proportional tariff, which became effective August 12, 1920, and contained the following provision: "The Cumberland & Manchester Railroad will not place cars on its main line between stations (at which point there is no siding) for

loading or unloading except at its own convenience and discretion, and then only at a charge of $10.00 per car, in addition to the regularly published tariff rates applicable from or to (as the case may be) the next more distant station or recognized loading or delivery point.'' It appears that, after the promulgation of this tariff, appellant in some instances charged and collected of certain shippers a loading charge ranging from $10 to $12.50 per car for cars loaded on the Lucas switch. There was further evidence to the effect that, prior to the execution of the contract, appellant's general manager agreed with appellee that the company would charge for loading on the proposed side track $10 to $12.50 a car, and that appellee would get half the charge; in other words, that the company would treat the side track as a part of the main line, and make the same charge for loading as on the main line. The chancellor construed the contract in the light of this evidence, and held in substance that it was the duty of the company to collect this loading charge on the side track, and that it was liable to appellee for half thereof, whether collected or not. It will be observed that the contract expressly provides that the railroad company should have the use of the side track for itself and other shippers ''without any consideration to the first party except as herein stated.'' Aside from items not here involved, the only consideration stated is found in the following language: ''In the event the second party rent any part of the said strip of land, the first party to be paid half of the rental received as rental until first party has received the amount expended in the construction of said side track less the amount of refunds to be paid by second party for rail and angle bars as hereinafter stated.'' This provision is clear and unambiguous. It was not attacked on the ground of fraud or mistake. In the circumstances, oral evidence was not admissible to show a contract wholly at variance with the one which the parties themselves had reduced to writing, and appellant's objections and exceptions to this evidence should have been sustained. Baugh v. Ramsey, 4 T. B. Mon. 155, Tross v. Bills' Ex'x, 189 Ky. 115, 224 S. W. 660. Without this evidence it is clear that the contract does not include any charge for loading. It therefore follows that there is no basis for that part of the judgment awarding appellee $1,500 for loading charges which were or should have been collected.

There is evidence to the effect that portions of the strip of land conveyed to the railroad by Lucas were actually rented, and that the company collected rent therefor. The chancellor held that the rent so collected amounted to $200, of which appellant was entitled to half, and in view of the conflict in the evidence on this point we are not inclined to disturb his finding.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.