**WIBBELMAN v. HOME INS. CO.**

No. 11423.

United States Court of Appeals
Sixth Circuit.

Feb. 22, 1952.

John Feikens, Detroit, Mich. (Knight, Snider & Feikens, Detroit, Mich., on the brief), for appellant.

Cashan P. Head. Detroit, Mich. (Keller & Lott and Thomas L. Lott, Detroit, Mich., Cashan P. Head, Detroit, Mich., on the brief), for appellee.

Before SIMONS, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This is an appeal from a summary judgment entered in the United States District Court in favor of the appellee, Home Insurance Company, in an action brought by appellant on a so-called Furriers' Customers' Insurance Policy issued to appellant. The amended complaint in the cause averred that appellant, "while in the act of preserving said insured property * * * being honestly mistaken as to the character of certain crystals used customarily in such storage rooms as a preventative against moths and vermin and known as benzedrine crystals, did in fact secure from said plaintiff's basement a compound of crystals identical in form and appearance to said compound known as benzedrine crystals and not knowing that said crystals were in fact caustic soda and not benzedrine crystals did sprinkle said crystals on or about the insured property," which caustic soda caused damage to fur garments stored with appellant by his customers.

The policy in question expressly excluded liability "for loss or damage occasioned by processing or any work upon the property unless caused by fire or explosion." We think the trial court held correctly that the loss and damage resulted from "processing or work upon the property" within the meaning of the exclusion clause of the policy. The fact statement in the amended complaint shows that the mistake of appellant which caused the damage to his customers' furs was made in the act of processing or working upon the furs stored with him.

Upon the issue raised by appellant that the trial court erred in overruling his motion for reconsideration of the summary judgment and for leave to file an amended complaint, we consider the denial of the motion to rest upon the exercise of sound discretion by the trial judge, for, even if the amendment offered had been allowed, we think the result would properly have been the same.

Accordingly, the judgment of the District Court is affirmed.