Ellsworth STRICKLER, Plaintiff-Appellant,

v.

PFISTER ASSOCIATED GROWERS, INC., a Corporation Whose Home Office is Aurora, Illinois, a Delaware Corporation, Defendant-Appellee.

No. 15164.

United States Court of Appeals Sixth Circuit.

July 17, 1963.

J. Granville Clark, Russellville, Ky., for appellant.

Charles L. Sullivan, Clarksdale, Miss., Sam R. McCracken, Jr., Franklin, Ky., Talbott, Sullivan & Dunbar, Clarksdale, Miss., on brief, for appellee.

Before CECIL, Chief Judge, MILLER, Circuit Judge, and FOX, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

Plaintiff brought this action in the state court to recover damages in the amount of $12,000.00 for alleged breach of warranty by the defendant in connection with a contract for the production of seed corn. The action was removed to the United States District Court, where it was tried to the Court without a jury. The District Judge found for the defendant. This appeal followed.[1]

Sometime prior to the 1959 corn growing season, the plaintiff, Ellsworth Strickler, a farmer in Logan County, Kentucky, entered into a written contract with the defendant, Pfister Associated Growers, Inc., to grow 220 acres of foundation plants for the production of a hybrid seed corn designated as No. 633. Under the contract the defendant agreed to deliver the foundation seed required and the plaintiff agreed to furnish the land and to plant and cultivate the growing crop in a husbandlike manner. Defendant was to supervise the planting, cultivation and detasseling of the corn. Plaintiff was to harvest the corn on dates determined by defendant and deliver to the defendant all corn acceptable to the defendant for seed purposes, for which the defendant agreed to pay $1.15 per bushel, provided that if the Chicago grain price was more than this, it would pay the higher price.

In the performance of the contract, plaintiff planted 50 acres of male corn and 170 acres of female corn. The female corn was to be detasseled by the defendant in order that the 50 acres of male corn would pollinate the female corn and thereby produce the hybrid strain No. 633, which the defendant was to purchase. Although the pollen plants produced 87 bushels of grain per acre, the seed producing plants did not fill out adequately and produced only 42 bushels per acre. Plaintiff claims that 87 bushels per acre would have been the normal yield for the 170 acres of female corn if the seed corn had been fit for the

purposes for which it was sold, and that the reduced yield was because the seed corn was not fit for such purposes. The complaint sought recovery for the value of this difference of 45 bushels per acre for the 170 acres of female corn, making a total of 7650 bushels.

The action does not involve the sale of seed by the defendant to the plaintiff, but, on the contrary, involves a bailment or a joint venture. The complaint rests upon the alleged breach of an implied warranty. At the time of trial the complaint was amended to allege a breach of an express warranty by stating that the defendant represented to the plaintiff that the yield of the corn would be comparable to commercial field hybrid corn and that "this was generally understood in the industry."

We fail to find anywhere in the written contract an express warranty. The plaintiff on cross-examination admitted that he could not point to any provision of the contract that constituted such a warranty. Parole evidence is inadmissible to vary the terms of a written contract. Tross v. Bills' Executrix, 189 Ky. 115, 120, 224 S.W. 660; Differential Steel Car Co. v. MacDonald, 180 F.2d 260, 270, C.A.6th. Plaintiff has no cause of action for breach of an express warranty.

There is more merit to plaintiff's contention that the transaction included an implied warranty of fitness. Graves Ice Cream Co. v. Rudolph W. Wurlitzer Co., 267 Ky. 1, 4, 100 S.W.2d 819; Sears, Roebuck & Co. v. Lea, 198 F.2d 1012, 1014, C.A.6th. However, these cases also hold that the parties can expressly stipulate against an implied warranty, in which event the rights of the parties are confined to those expressed in the contract.

Paragraph 9 of the contract provided, "The Company, at its own discretion, may abandon the seed field, or any part of a seed field, covered by this agreement because of improper detasseling, damage caused by windstorm, hail, excessive

---

1. The parties will be referred to as they were in the District Court.

rainfall, pests, insects, or for any other reason which may seem justified to company."

The District Judge was of the opinion that this provision of the contract, considered in connection with the other provisions, meant that the risk of loss was assumed by the plaintiff and that any implied warranty had been negatived by the express terms of the contract. He aptly stated that it was not possible for the same event to create a right in the defendant to abandon the contract and at the same time create a right in the plaintiff to recover on a warranty by the defendant. He rejected plaintiff's claim for breach of an implied warranty. We concur in the ruling.

If we assume, contrary to what we have hereinabove ruled, that there was an implied warranty of fitness in the transaction, we still fail to find merit in the appeal. The District Judge found as a fact that the plaintiff failed to prove that the seed was defective. He pointed out that according to the evidence, there are 24 separate factors which affect plant development: moisture, temperature, essential nutrient compounds, past cropping history of the land, and others; that there are an infinite number of environments presented by the inquiry; that the efficacy of the seed is only one factor in this infinity; and that there are too many variables which influence the process of corn development to pin the blame for poor yield upon any single one of these. The testimony of Dr. Frank E. Loeffel, Associate Professor of Agronomy at the University of Kentucky, H. E. White, Sr., and Jimmy Wayne Tuck supported this finding of the District Judge. Although there was a conflict in the evidence on this issue of fitness, the finding is not clearly erroneous and must be accepted by us on this review. Rule 52(a), Rules of Civil Procedure. It is not enough that we might give the facts another construction, resolve the ambiguities differently, and reach a conclusion different from that of the District Judge. Such a conclu-sion on our part does not make the finding "clearly erroneous." United States v. National Association of Real Estate Boards, 339 U.S. 485, 495–496, 70 S.Ct. 711, 94 L.Ed. 1007.

Plaintiff relies strongly upon Wedding v. Duncan, 310 Ky. 374, 220 S.W.2d 564, where the purchaser of seed recovered damages for breach of an express warranty of fitness. We find nothing in that case which is controlling in the present case. In that case the contract was an oral one and the factual issue of whether it contained an express warranty of fitness was submitted to the jury, which found that such a warranty had been given. In the present case the contract is written and contains no express warranty. Also, in that case the factual issue of the fitness of the seed corn was submitted to the jury, which found for the plaintiff on the conflicting evidence before it. In the present case, such factual issue was submitted to the judge, who found for the defendant on the conflicting evidence before him. The evidence was not the same in the two cases. The finding in the earlier case is in no way controlling of the finding in the present case. See: United Brick & Clay Workers v. Deena Artware, 198 F.2d 637, 642–643, C.A. 6th, cert. denied, 344 U.S. 897, 73 S.Ct. 277, 97 L.Ed. 694.

In the oral argument of this appeal, although not included in his brief, plaintiff injected into the case possible liability on the part of the defendant by reason of its negligence in directing the manner of the planting of the corn. This was based upon the fact that at the close of the evidence in the District Court, the plaintiff moved to amend his complaint to conform to the proof, so as to present this issue to the Court. The defendant objected, contending that this presented a new issue in the case, upon which it would want to introduce additional evidence. The Court sustained the motion and gave plaintiff five days in which to file the amendment, with the right in the defendant, *after* the amendment was filed, to offer additional proof by way of

depositions on that issue if it wanted to do so. We do not find from the record that such an amended complaint was ever filed.

Rule 15(b), Rules of Civil Procedure, authorizes the District Judge to permit the filing of an amended pleading to conform to the proof, but the granting or refusing leave to so amend under the particular circumstances rests in the sound discretion of the trial judge. Chesapeake & Ohio Railway Co. v. Newman, 243 F.2d 804, 812–813, C.A. 6th; Wibbelman v. Home Insurance Co., 194 F.2d 262, C.A. 6th. In the exercise of such discretion, the granting of leave to amend can be conditional in order to avoid prejudice to the opposing party. See: Cooper v. American Employers' Insurance Co., 296 F.2d 303, 306–307, C.A. 6th. In the present case the leave to amend was conditional upon the filing of such an amendment within five days, with the right in the defendant to take additional proof after it was filed. The plaintiff did not comply with this condition and thereby waived his right to file the amendment. The issue of negligence was not discussed or ruled upon by the District Judge in his Memorandum Opinion with findings. The issue was not raised in plaintiff's brief on this appeal. It is not before us on this review. Cold Metal Process Co. v. McLouth Steel Corp., 170 F.2d 369, 380, C.A. 6th; Doll v. Glenn, 231 F.2d 186, 190, C.A. 6th; Lively v. Elkhorn Coal Co., 206 F.2d 396, 399 C.A. 6th.

The judgment is affirmed.

FOX, District Judge (concurring).

I concur with the court's opinion in this matter on the ground that the District Judge found as a fact that the plaintiff failed to prove the seed was defective.

The District Judge properly has discretion in relation to questions of fact coming before him. Conflicts in evidence, if any there be, can best be decided by the District Judge who sees the facts as they are marshalled before the court. It is apparent that his fact finding was not clearly erroneous. Rule 52 (a), Federal Rules of Civil Procedure.

As the court pointed out in its opinion, if we were to give a different construction to the facts, this does not make the District Judge's finding clearly erroneous.

I concur in the affirmance of the judgment of the District Court.