Robert Lee WEST, Plaintiff-Appellant,

v.

**FRED WRIGHT CONSTRUCTION CO., Patten Construction Co., Inc., and Richard Thomas Patten, Defendants-Appellees.**

No. 83–5648.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 18, 1984.
Decided Feb. 28, 1985.

---

John R. Bradley (argued), Portland, Tenn., for plaintiff-appellant.

Hugh C. Howser, Jr. (argued), Mary G. Moody, Edmund W. Turnley III, Howser, Thomas, Summers, Binkley & Archer, Nashville, Tenn., for defendants-appellees.

Before KEITH, Circuit Judge and PECK and BROWN, Senior Circuit Judges.

KEITH, Circuit Judge.

Appellant Robert West appeals the decision of the district court granting judgment to defendants Wright Construction Company, Patten Construction Company and Richard Patten on his claim of retaliatory discharge. Appellant began working for Wright Construction as a superintendent in 1974. In September 1979, appellant filed an age discrimination charge against the company. However, he withdrew the charge three months later in December 1979. Appellant was discharged from his job in April 1980. Immediately after his termination, appellant filed a complaint with the EEOC alleging that appellees fired him in retaliation for filing the prior age discrimination charge.

At trial, appellant argued that his discharge was retaliatory and in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(d) (ADEA). However, after considering the testimony of witnesses and the relevant documents, the trial judge determined that although appellant had established a prima facie case, appellant had failed to establish retaliation as the determining factor in his discharge. Specifically, the court found that: (1) the seven months between filing the charge and appellant's discharge was too long a period from which to infer retaliation; (2) the lack of work for appellant accounted in large part for his discharge; and (3) the company's efforts to place appellant elsewhere were inconsistent with a retaliatory motive.

On appeal, appellant contends that the trial court erred as a matter of law in its allocation of burdens of proof under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Appellant also argues that the trial judge's finding of no retaliatory motive is contrary to the evidence. We affirm the district court judgment for the following reasons.

In *Laugesen v. Anaconda Co.*, 510 F.2d 307 (6th Cir.1975), this Court ruled that the similarity between the ADEA and Title VII did not mandate rigid application of the *McDonnell Douglas* guidelines establishing a prima facie case in a Title VII discriminatory hiring suit, to a discriminatory discharge suit under the ADEA. *Id.* at 312. Rather, this Circuit employs a flexible case by case incorporation of Title VII standards, adopting those standards which further the ADEA's distinct legislative purposes. *See Blackwell v. Sun Electric Corporation*, 696 F.2d 1176, 1179 (1983); *Ackerman v. Diamond Shamrock*, 670 F.2d 66, 70 (6th Cir.1982); *Sahadi v. Reynolds Chemical*, 636 F.2d 1116, 1117–19 (6th Cir. 1980).

In *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), the Supreme Court determined the nature of a defendant's burden of proof and persuasion in disparate treatment discrimination suits brought pursuant to Title VII. The Court stated:

> The burden that shifts to the defendant, therefore, is to rebut the presumption of discrimination by producing evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. The defendant need not persuade the court that it was actually motivated by the proffered reasons. See [*Board of Trustees of Keene State College v.*] *Sweeney, supra* [439 U.S. 24], at 25 [99 S.Ct. 295 at 295, 58 L.Ed.2d 216]. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiffs. To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection. The explanation provided must be legally sufficient to justify a judgment for the defendant. If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. Placing this burden of production

> on the defendant thus services simultaneously to meet the plaintiff's prima facie case by presenting a legitimate reason for the action and to frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext. The sufficiency of the defendant's evidence should be evaluated by the extent to which it fulfills these functions.

> The plaintiff retains the burden of persuasion. She now must have the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision. This burden now merges with the ultimate burden of persuading the court that she has been the victim of intentional discrimination. She may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. See *McDonnell Douglas*, 411 U.S. at 804–805 [93 S.Ct. at 1825]. [Footnotes omitted.]

450 U.S. at 254–256, 101 S.Ct. at 1094–1095. We agree with the appellees that *Burdine* offers the appropriate analysis with which to review appellant's contention that the burdens of proof were improperly allocated in this case.

The record in the present case shows that appellees were required to rebut appellant's prima facie case with evidence showing that appellant was discharged for nonretaliatory reasons. They did so with testimony establishing that at the time of the discharge, construction work was scarce; that due to the company's growth, appellant's specialty, small construction jobs, would not be sought in the future; that no other superintendent specializing in small jobs had been hired since appellant's discharge; and that one other superintendent was treated in the same fashion as appellant. Under *Burdine*, appellees must articulate a nonretaliatory reason for discharging appellant but are not required to further explain or establish that the proffered reasons were

their actual motivations. 450 U.S. at 254, 101 S.Ct. at 1094. Appellant then bears the ultimate burden of persuading the court that the proffered nonretaliatory reasons are a pretext and that he was discharged in retaliation for filing a discrimination charge against the company. *Id.* at 256, 101 S.Ct. at 1095; *Blackwell v. Sun Elec. Corp.,* 696 F.2d at 1180. The trial court, therefore, did not improperly allocate the burden of production and persuasion in this case.

■■■ Appellant next contends that the district court's failure to find a retaliatory motive is contrary to the evidence. This Court may reverse the district court's finding on retaliatory intent if that finding is clearly erroneous. Fed.R.Civ.P. 52(a); *United States Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); *Pullman-Standard Division of Pullman, Inc. v. Swint,* 456 U.S. 273, 288, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982); *Dayton Board of Education v. Brinkman,* 443 U.S. 526, 534, 99 S.Ct. 2971, 2977, 61 L.Ed.2d 720 (1979). A finding of fact will be deemed clearly erroneous only where it is against the clear weight of the evidence or when upon review of the evidence, the appellate court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). *See also Johnson v. United States,* 600 F.2d 1218, 1222 (6th Cir.1979). It is not enough that this Court might give the facts another construction, resolve the ambiguities differently or reach a conclusion different from that of the district court. *Strickler v. Pfister Associated Growers, Inc.,* 319 F.2d 788, 791 (6th Cir. 1963) (Fox, concurring). Moreover, an appellate court, on review, should not lightly set aside a lower court's determination of the appropriate weight to attach to the credibility of the evidence. *Kirkhof Manufacturing Corp. v. Sem-Torq, Inc.,* 312 F.2d 578, 581 (6th Cir.1963).

A thorough review of the record in the present case reveals that the trial judge's finding was not clearly erroneous. Accordingly, the judgment of the Honorable Thomas A. Wiseman of the United States District Court for the Middle District of Tennessee is affirmed.