815 F.2d 80
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie Mae SPECK, Plaintiff-Appellant,
v.
McQUIDDY PRINTING COMPANY, INC., Defendant-Appellee.
 No. 85-5971.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1987.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and HULL, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 This is an appeal from a judgment entered in a bench trial dismissing plaintiff's Title VII and age discrimination suit. The district court held that Speck had failed to carry her burden of proving discriminatory intent and motive. Speck challenges the district court's factual determinations as clearly erroneous and contends that the court erred in failing to apply the Chrysler[1] test of "least detrimental alternative means" to McQuiddy's defense of economic necessity. We disagree. There is ample evidence to support the district court's factual determinations, and on these facts, the Chrysler test is inapplicable. Therefore, we affirm the district court's decision.
 
 
 2
 * Speck began working for McQuiddy Printing Company in January of 1950. She was the only female machine operator in the bindery section of the plant. There is no dispute as to her qualifications for this job; indeed, because she was able to operate and provide maintenance for every machine in the bindery department, she was promoted to the position of "rover." This position was designed to provide relief, backup and assistance to the regular machine operators. Historically, printing companies divide the bindery section into two levels: men operate machines and women do hand or table work. Other than Speck, there has never been another female machine operator for McQuiddy.
 
 
 3
 Speck was discharged on March 19, 1982. She was 59 years old. At the time of her discharge, McQuiddy was experiencing severe financial difficulties. For the first time in its history, the plant began to layoff employees. The bindery department supervisor was instructed to submit a list of persons whose positions the company could do without. Pursuant to his recommendation, the position of "rover" was eliminated. Both of the department's rovers, Speck and a Mr. Bardill, were let go. Their positions have never been replaced; instead, when service or relief become necessary, these duties are assumed by the department supervisor.
 
 II
 
 4
 The district court found that Speck had established a prima facie case for both age and sex discrimination. McDonnell Douglas v. Green, 411 U.S. 792 (1973); Laugesen v. Anaconda Co., 510 F.2d 307 (6th Cir.1975). That being so, Speck succeeded in raising a presumption of discrimination and the burden shifted to McQuiddy to articulate legitimate reasons for the discharge. Furnco Construction Corp. v. Waters, 438 U.S. 567 (1978). The trial court found, and we agree, that McQuiddy carried its burden by asserting that economic necessity precipitated Speck's termination.
 
 
 5
 In cases of discrimination, the plaintiff always has the ultimate burden of persuading the court that the employer acted with discriminatory motive and, therefore, the proffered reasons are pretextual. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). In this case, Speck asked the trial court to infer gender based discrimination from two circumstances: the historical pattern of discrimination in the printing industry, and McQuiddy's failure to "post" or advertise machine operator openings. Speck testified that she had been the only female operator with McQuiddy for 32 years and had, during that time, never experienced discrimination. The district court determined that Speck's job was eliminated out of economic necessity.
 
 
 6
 As to the age discrimination claim, the district court determined that aside from Speck's own subjective belief that age was a determining factor in her discharge, there was simply no evidence of age discrimination. Holding that Speck had failed to carry her burden of persuasion, the district court dismissed both claims.
 
 
 7
 In order to set aside the court's findings of fact in a bench trial, this Court must find that such determinations are "clearly erroneous." "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). This standard applies to both Title VII determinations of discriminatory intent and determinations that age is a decisive factor in employment discharge cases. Fields v. Bolger, 723 F.2d 1216 (6th Cir.1984); West v. Fred Wright Construction Co., 756 F.2d 31 (6th Cir.1985). In this case, we are unable to conclude that the district court's determinations are clearly erroneous.
 
 III.
 
 8
 Speck's contention that the district court should have applied the "least detrimental alternative means" test set forth in the Chrysler case is without merit. In Chrysler, the failing auto company had concededly forced retirement upon employees over age 55 without the possibility of recall, which was available to those under 55. Chrysler asserted the defense of economic necessity. The district court granted a preliminary injunction in the plaintiffs' favor. In affirming the district court, this Court held that in order for "imminent bankruptcy" to legitimate a clear violation of the ADEA, the defendant would have to meet the "least detrimental alternative means" test. Chrysler, 733 F.2d at 1186.
 
 
 9
 Speck argues that once a plaintiff establishes a prima facie case of age discrimination and the defendant raises the defense of economic necessity, the court is required to apply the Chrysler test. Speck contends that the humanitarian policy behind the ADEA requires such a result.
 
 
 10
 We cannot agree. Under the Chrysler analysis, an employer found to be discriminating on the basis of age can continue to do so only under certain conditions. However, in order for a court to "justify" an employer's discrimination, it must necessarily first find discrimination. In the case at bar, the district court specifically concluded that age was not a determining factor in Speck's discharge. Therefore, the district court correctly refused to apply the Chrysler test.
 
 
 11
 The decision of the district court is affirmed.
 
 
 12
 HULL, District Judge, dissenting.
 
 
 13
 Because plaintiff Speck held a traditionally male position of machine operator and was the highest paid woman at the bindery, I would agree that she has not proved sex discrimination with regard to her discharge. However, the evidence that plaintiff was an extremely capable employee, discharged three weeks before her 60th birthday and replaced by a 25-year-old male she had recently trained, and that she was never offered his job or any other position with the defendant, gives rise to a very strong inference of age discrimination. In light of the fact that despite 32 years with the defendant she was the first employee ever to be laid off, the defendant's proffered reason of economic necessity is incapable of credence. I find the district court's ruling with regard to age discrimination clearly erroneous and must respectfully DISSENT.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief Judge of the United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 EEOC v. Chrysler, 733 F.2d 1183 (6th Cir.1984)