827 F.2d 769
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmie GULLEY, Plaintiff-Appellant,
v.
U.S. POSTAL SERVICE, Paul N. Carlin, Postmaster General, and
Chester Cole, Postmaster of Detroit Region,
Defendants-Appellees.
 No. 87-1328
 United States Court of Appeals, Sixth Circuit.
 August 27, 1987.
 
 ORDER
 Before BOYCE F. MARTIN, JR., NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 
 1
 This pro se plaintiff seeks review of a judgment of the district court which dismissed his handicapped employment discrimination action filed pursuant to 29 U.S.C. Sec. 701, et seq. He now moves for the appointment of counsel and the preparation of additional portions of the transcript at government expense. Upon review of the record already before the court and appellant's brief, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed a complaint pursuant to the Rehabilitation Act of 1973, 29 U.S.C. Sec. 701, et seq., in the district court for the Eastern District of Michigan. In support of his claim for both injunctive relief and monetary damages, he alleged that he had been discharged from his employment with defendant United States Postal Service solely on the discriminatory basis of a physical handicap. At the conclusion of a four-day bench trial, however, the district court entered judgment dismissing the action, based upon the conclusion that plaintiff simply was not a 'handicapped person', as defined by statute and corresponding case law, capable of maintaining a cause of action under 29 U.S.C. Sec. 701, et seq. See 29 U.S.C. Sec. 706(7)(B)(i); 29 C.F.R. Sec. 1613.702(c); Jasany v. United States Postal Service, 755 F.2d 1244 (6th Cir. 1985). Plaintiff therefore filed this appeal.
 
 
 3
 On appeal the scope of this court's review is extremely limited. Specifically, this court may disturb the judgment of the district court only if its findings of fact utilized to support the conclusion that plaintiff was not a 'handicapped person' are clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure; West v. Fred Wright Construction Co., 756 F.2d 31 (6th Cir. 1985). Examination of the district court's findings in light of the record before this court, however, indicate that there was no violation of that standard in this case. Rather, each of the district court's findings in this regard are amply supported by the evidence, particularly plaintiff's own testimony. As a result, the district court did not err in concluding that plaintiff was not a 'handicapped person' within the meaning of 29 U.S.C. Sec. 701, et seq. and dismissing his cause of action.
 
 
 4
 Accordingly, the motions for appointment of counsel and preparation of additional portions of the transcript at government expense are hereby denied and the district court's final judgment entered February 13, 1987, is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.