**Forrest R. CLARK, Plaintiff, Appellant,**

v.

**AMERICAN HOME FOODS, DIVISION OF AMERICAN HOME PRODUCTS CORPORATION, Defendant, Appellee.**

No. 83–1684.

United States Court of Appeals, First Circuit.

Argued April 2, 1984.
Decided Sept. 14, 1984.

Sydney T. Schulman, Springfield, Mass., with whom David O. Scott, and Fein, Schulman, Resnic & Pearson, Springfield, Mass., were on brief, for plaintiff, appellant.

Robert L. Leonard, Springfield, Mass., with whom Doherty, Wallace, Pillsbury &

Murphy, P.C., Springfield, Mass., was on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, BREYER, Circuit Judge, and HUNTER,* Senior District Judge.

ELMO B. HUNTER, District Judge.

Appellant, Forrest Clark, appeals the judgment of the district court in favor of American Home Foods. This age discrimination case was tried to the court, a jury having been waived. Appellant claims that the trial court erred in granting a directed verdict for the appellee at the close of appellant's case. It appears that appellant has been confused by appellee's counsel's failure to read or understand the Federal Rules. Because the findings of the district court are not clearly erroneous, we affirm.

At trial, appellant put on his case primarily through the use of hostile witnesses: employees of appellee. Much, if not all, of appellee's case was brought out on "friendly" cross-examination. According to appellant's attorney's oral argument before this court, the prosecution and defense in this case were "inextricably wound together." At the close of appellant's evidence, appellee rested and moved, mistakenly, for a directed verdict instead of for involuntary dismissal under Fed.R.Civ.P. 41(b).

The trial court found that appellant failed to establish the necessary elements of his case. The court acknowledged that the evidence was sufficient to argue both ways, but that appellant had not shown that he was treated in a manner different from any other in his position. The court found that if company policy was not followed in this case, it was to accommodate appellant, not to harm him.

We are not faced here with a situation in which a plaintiff has put on a prima facie age discrimination case, and in which the employer put on no evidence of the reasons for its treatment of plaintiff. Appellant admits that the employer made its case in cross-examination of appellant's witnesses.

It is true that some language in the trial court's opinion appears to speak to whether plaintiff put on a prima facie case sufficient to sustain a finding that appellant was discriminated against based on considerations of his age. This language is obviously in response to appellee's incorrect use of a motion for directed verdict. The fact that appellee's counsel failed to note that the case was tried to a court and not to a jury should not bind this Court to the standard of review of cases tried by a jury. It is unnecessary for us to determine whether plaintiff established a prima facie case. For purposes of this opinion, we will assume that such a case was made. The motion should have been a motion to dismiss under Rule 41(b). The trial court found that appellee had a well-established policy that a supervisor live within the area he is serving and that appellant had not shown that he was treated any differently than any other person in his position when his employer transferred him and required him to live in his new district. There was substantial evidence to support this finding. The case was submitted and decided. It is now affirmed.