793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALBERT W. MURPHY, Plaintiff-Appellant,
vs.
U.S. POSTAL SERVICE, Defendant-Appellee.
 85-1561
 United States Court of Appeals, Sixth Circuit.
 5/30/86
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: CONTIE and RYAN, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Albert W. Murphy, the plaintiff below, appeals from the district court order granting a directed verdict for the U.S. Postal Service in this employment discrimination action. Murphy argues that he established a prima facie case of retaliation which the district court failed to recognize.
 
 I.
 
 2
 Murphy is a black United States Postal Service employee. On June 2, 1980, Murphy's supervisor, Sandra Cox, issued a letter of warning against Murphy for an unauthorized absence. On July 2, 1980, Murphy filed an Equal Employment Opportunity (EEO) complaint accusing Cox, who is also black, of racial discrimination. That complaint was not pursued, however, and was dismissed for lack of prosecution.
 
 
 3
 On November 4, 1980, Cox noticed that Murphy was absent from his assigned work station. When Cox saw Murphy, she inquired whether he was ill. Murphy then 'started screaming.' Cox walked away and another supervisor, Martin Tibbs, approached Murphy. At that point, Murphy called Cox a 'bitch.' On November 10, 1980, a 14-day suspension was issued against Murphy by Cox.
 
 
 4
 Apparently, Murphy subsequently filed another EEO complaint against Cox, claiming that the 14-day suspension was the result of race and sex discrimination and was imposed in retaliation of his earlier EEO complaint. The Equal Employment Opportunity Commission, however, decided there was no discrimination.
 
 
 5
 On January 3, 1984, Murphy filed his complaint with the district court. The complaint was filed pro se, and essentially alleged discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq.
 
 
 6
 Murphy represented himself in a bench trial held on April 29, 1985. At the trial, both Tibbs and Cox testified that Murphy called Cox a 'God damn bitch.' Tibbs stated that Murphy shouted the obscenity. Murphy admitted that he called Cox a 'bitch,' although he claimed he did not say it loudly. Cox further testified that she did not consider Murphy's prior EEO complaint in disciplining Murphy; rather, she disciplined Murphy because she wanted to avoid a reoccurrence of a similar outburst.
 
 
 7
 By his own admission, Murphy was unprepared at trial. Murphy called several witnesses, but often posed no questions, claiming that he was 'having mental blocks' and was 'having an inability to formulate [questions] and interview the witnesses.'
 
 
 8
 The district court judge several times expressed dissatisfaction with Murphy's courtroom behavior, and urged Murphy to present some evidence on his behalf. After approximately two hours of trial, Murphy rested his case, assuring the court that he was sure he had nothing further to add.
 
 
 9
 After the close of evidence, the court granted a directed verdict in favor of the Postal Service from the bench. The court stated:
 
 
 10
 The court on its own motion, I see counsel for the defendant rising to make a motion for a directed verdict. I will grant a directed verdict in this matter. There is no showing whatsoever of any racial motive or consideration in any matter whatsoever.
 
 
 11
 The suspension on November 10, 1980 was due to a statement made by Mr. Murphy. The court finds that he said it loudly, that he called Ms. Cox an improper name and that he was suspended for that reason.
 
 
 12
 Accordingly, the court entered judgment for the Postal Service on April 30, 1985. In the judgment order, the court indicated that it was granting the defendant's motion for directed verdict. This timely appeal followed.
 
 II.
 
 13
 Murphy's sole argument on appeal is that he established a prima facie case of retaliation and the district court's failure to recognize this constitutes reversible error. This court has stated that in order to establish a prima facie case of retaliation, a plaintiff must establish:
 
 
 14
 (1) that he engaged in protected opposition to Title VII discrimination or participated in a Title VII proceeding; (2) that he was subject to adverse employment action subsequent to or contemporaneous with his protected activity; (3) there is a causal connection between the protected activity and the adverse employment action.
 
 
 15
 Jackson v. Pepsi-Cola, Dr. Pepper Bottling Co., 783 F.2d 50, 54 (6th Cir. 1986). Once a prima facie case is established in a retaliation action, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse action. Id. If the defendant comes forth with such a reason, the plaintiff may rebut the proffered reason by demonstrating it was merely a pretext for discrimination. Id.
 
 
 16
 A district court's decision on the issue of retaliation is reversible only if it is clearly erroneous. Fed. R. Civ. P. 52(a); West v. Fred Wright Construction Co., 756 F.2d 31, 34 (6th Cir. 1985). A district court's finding is deemed clearly erroneous only if, upon review of the entire record, the appellate court 'is left with the definite and firm conviction that a mistake has been committed.' United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); see also, Godley v. Kentucky Resources Corp., 640 F.2d 831, 834 (6th Cir. 1981).
 
 
 17
 The district court dismissed Murphy's action by granting a directed verdict for the Postal Service. The granting of a motion for directed verdict, entered at the close of a plaintiff's case, may properly be construed as the granting of an involuntary dismissal pursuant to Fed. R. Civ. P. 41(b) when the action is one tried to a court. Clark v. American Home Foods, 743 F.2d 52, 53 (1st Cir. 1984). Pursuant to Rule 41(b), a district court may dismiss an action at the close of the plaintiff's evidence if the plaintiff has shown no right to relief under the facts and law. Rule 41(b) dismissal is proper in a Title VII case either if the plaintiff fails to establish a prima facie case or 'if the record at the close of the plaintiff's case in chief contains the defendant's reasons for its actions, and [that] evidence . . . is sufficient to support a judgment in the defendant's favor.' Ekanem v. Health & Hospital Corp., 724 F.2d 563, 568 (7th Cir. 1983), cert. denied, 105 S. Ct. 93 (1984).
 
 
 18
 In light of the above principles, we need not decide the question of whether Murphy established a prima facie case. Dismissal was proper in the present case because the record at the close of Murphy's case contained sufficient evidence presented by the Postal Service to support a judgment in its favor. That is, even assuming that Murphy established a prima facie case of retaliation, the Postal Service had proffered a legitimate, nondiscriminatory reason for disciplining Murphy which is sufficient to support the district court's conclusion that the disciplinary action was not an act of retaliation. The court expressly held that Murphy was suspended because he loudly called Sandra Cox an improper name. Based on the testimony of Cox, Tibbs and Murphy, we cannot say that this conclusion is clearly erroneous. Thus, regardless of whether Murphy established a prima facie case of retaliation, the district court's decision is supported by sufficient evidence and we are not left with a definite, firm conviction that a mistake has been made.
 
 
 19
 Accordingly, the judgment of the district court is AFFIRMED.