**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,**

v.

**CHRYSLER CORPORATION, Defendant-Appellant.**

**No. 82–1697.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 31, 1983.

Decided May 16, 1984.

Rehearing En Banc Denied July 18, 1984.

---

**1.** Wilson did submit the records to the Appeals   Council.

Joseph C. Marshall, III, Detroit, Mich., John Corbett O'Meara, Thomas G. Kienbaum, argued, Henry W. Saad, for defendant-appellant.

Dorothy M. Smith, Detroit, Mich., J. Kenneth L. Morse, Mark S. Flynn, argued, Appellate Div., E.E.O.C., Washington, D.C., for plaintiff-appellee.

Before LIVELY, Chief Judge, MERRITT, Circuit Judge, and JOHNSTONE, District Judge.[*]

MERRITT, Circuit Judge.

In this age discrimination case, we conclude that the District Court did not err in issuing an injunction requiring the Chrysler Corporation to offer certain forced retirees "layoff status," a status which allows an employee the possibility of recall to active duty. We, therefore, affirm.

## I.

In 1979 Chrysler's management determined that a drastic reduction in its work force was necessary for the company's survival. When its policies failed to reduce the work force sufficiently, Chrysler identified about fifty employees age fifty-five and over for a special early retirement "at corporate option." These employees would otherwise simply have been laid off under a company policy entitling them to return by seniority to active duty if the company's prospects for survival improved. The employees forced to retire were provided the same special benefits provided those employees who had voluntarily accepted early retirement, including a temporary pension supplement and pension benefits not actu-

[*] The Honorable Edward H. Johnstone, United States District Court for the Western District of Kentucky, sitting by designation.

arily reduced. These forced retirees were not, however, provided the option of taking "layoff status" which had been provided to employees under age fifty-five, whose age did not qualify them for special early retirement "at corporate option."

The Equal Employment Opportunity Commission (EEOC) filed suit against Chrysler alleging that Chrysler's forced retirement policy violates section 4 of the Age Discrimination in Employment Act, 29 U.S.C. § 623(f)(2) *as amended* (1976 & Supp. IV 1980) (ADEA), which provides that "no ... [bona fide] employee benefit plan shall require or permit the involuntary retirement of any individual [between the ages of 40 and 70] because of the age of such individual." The EEOC requested that the District Court award preliminary injunctive relief.

United States District Judge Philip Pratt of the Eastern District of Michigan ordered Chrysler to provide the group of forced retirees the opportunity to be placed on "layoff status." *See Equal Employment Opportunity Commission v. Chrysler Corporation,* 546 F.Supp. 54, 72–73 (E.D. Mich.1982). The District Court determined that the EEOC had established a "strong" likelihood of success on the merits of the claims of the forced retirees and those who accepted "mutually satisfactory" retirement under protest. The District Court held that Chrysler's decision to identify certain employees for involuntary retirement was clearly based on age because "those over 55 with requisite corporate service were involuntarily retired with no chance of recall" while "those under 55 ... were laid off with the possibility of recall in the order of seniority." *Id.,* at 68. Although Chrysler offered the so-called "failing company doctrine" as a justification for its employment decisions, the District Court concluded that "no reason for retirement vis-a-vis layoff was implicated 'other than age.'" *Id.,* at 68 n. 22.

The District Court reasoned that the legislative history of the 1978 amendment to section 4(f)(2) of the ADEA establishes that the qualifying statutory terms were meant to legitimate only forced retirements based on an individual's personal ability to continue to perform his or her job duties adequately. *Id.* The District Court held that there is no case law to support the "proposition that job elimination or a reduction in [work] force is a factor which renders an otherwise illegal involuntary retirement lawful." *Id.*

## II.

On this appeal Chrysler argues primarily that the District Court abused its discretion in determining that the EEOC had established a substantial likelihood of success on the merits of its claims against Chrysler. In particular, as its rebuttal to the EEOC's claim that Chrysler's forced retirement policy was based on age, Chrysler attempts here to justify the forced retirements on the basis of an economic necessity to reduce costs in the face of possible insolvency. Such economic necessity, it argues, is a "reasonable factor other than age" within the meaning of 29 U.S.C. § 623(f)(1).

Chrysler's argument regarding its economic justifications for the forced retirements requires close scrutiny in light of the 1978 amendments to the ADEA forbidding forced early retirement before age 70, amendments which overruled the Supreme Court's decision to the contrary in *United Air Lines v. McMann,* 434 U.S. 192, 98 S.Ct. 444, 54 L.Ed.2d 402 (1977). *See* 29 U.S.C. § 623(f)(2); 29 C.F.R. § 1625.9(a)(1) & (2) (1982). Chrysler argues that the legislative history of the 1978 amendments indicates that the plaintiff's ultimate burden under section 4(f)(2) of the ADEA is to establish that age is the sole and arbitrary basis for Chrysler's forced retirement policy. Under Chrysler's interpretation of the 1978 amendments, Chrysler's poor financial condition in 1979 was an additional factor other than age and, thus, was a legitimate basis for Chrysler's forced retirements.

We read the plain language and legislative history of the 1978 amendments, however, as indicating that the plaintiff in the instant case had to establish that age was a

"determining" factor in Chrysler's formulation of its forced retirement policy in order for that policy to violate the ADEA. *See* S.Rep. No. 95–493, 95th Cong., 2d Sess. 3, 10, *reprinted in* [1978] U.S.Code Cong. & Ad.News 504, 506, 513. Thus, the critical question on this appeal is whether the prospect of imminent bankruptcy legitimates the use of age as a factor in determining those employees who shall receive a pension and those who shall be laid off subject to recall.

■ Forced early retirements based on economic necessity are unacceptable under the ADEA unless they meet two tests. First, the necessity for drastic cost reduction obviously must be real. A similar showing has been required in antitrust cases involving the "failing company" defense. *See, e.g., Union Leader Corp. v. Newspapers of New England, Inc.,* 284 F.2d 582, 587 (1st Cir.1960), *cert. denied,* 365 U.S. 833, 81 S.Ct. 747, 5 L.Ed.2d 744 (1961); *United States v. Maryland & Virginia Milk Producers Association,* 167 F.Supp. 799, 808 (D.D.C.1958), *affirmed,* 362 U.S. 458, 80 S.Ct. 847, 4 L.Ed.2d 880 (1960). Second, the forced early retirements must be the least-detrimental-alternative means available to reduce costs. This standard has been developed in Title VII cases. *See, e.g., United States v. Bethlehem Steel Corp.,* 446 F.2d 652 (2d Cir.1971); *Robinson v. Lorillard Corp.,* 444 F.2d 791 (4th Cir.), *cert. dismissed,* 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971). *See generally* Note, *The Cost of Growing Old: Business Necessity and the Age Discrimination in Employment Act,* 88 Yale L.J. 565 (1979).

In the instant case, there is no dispute that Chrysler's financial difficulties were real in 1979. As the District Court indicated, *see* 546 F.Supp. 58 n. 3, Congressional findings establish that at the time of these forced retirement decisions Chrysler was on the verge of insolvency. *See* 1979 U.S.Code Cong. & Adm.News 2787, 2789–95.

■ Chrysler's program to force certain employees to retire early, however, does not meet the least-detrimental-alternative standard. In order to meet this standard, Chrysler would have had to give the employees subject to forced early retirements the same right of recall as the younger employees were given. As the District Court noted, Chrysler has presented no reason why the need to implement a reduction in work force precluded a certain class of employees—employees age 55 or over with at least 10 years of service—from choosing layoff. 546 F.Supp. at 68 n. 2. Thus, we agree with the District Court's conclusion that there is a substantial likelihood of success on the merits of the EEOC's claims against Chrysler.

■ Chrysler also argues on this appeal that the District Court abused its discretion in finding that the forced retirees suffered irreparable harm as a result of Chrysler's discriminatory policy. The District Court found that Chrysler's decision to force certain individuals to retire early caused loss of work and loss of future prospects for work as well as causing individuals to suffer from such problems as emotional distress, depression, increased drug use, decrease in feelings of a useful life, a contracted social life, increased cigarette consumption, lassitude, sexual problems, and a reduced sense of well-being. 546 F.Supp. at 70. We conclude that the District Court's findings are not clearly erroneous and that, as the District Court noted, the forced retirees' problems are "the very type of injur[ies] Congress sought to avert when it banned involuntary retirement." *Id. See* 1978 U.S.Code Cong. & Adm.News 507. Such findings support irreparable injury in other kinds of discrimination cases, and we believe the same factors support such a finding in this age discrimination case. *See, e.g., Equal Employment Opportunity Commission v. City of Jonesville,* 480 F.Supp. 1375 (W.D.Wis.1975); *Oshiver v. Court of Common Pleas,* 469 F.Supp. 645 (E.D.Pa.1979). *See also* Sullivan, Zimmer, Richards, *Federal Statutory Law of Employment Discrimination,* § 4.2 at 368–369 (1980).

For the reasons stated herein, we affirm the District Court's judgment entering the preliminary injunction against Chrysler.