**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Plaintiff-Appellee,**

v.

**CHRYSLER CORPORATION, Defendant-Appellant.**

No. 82–1697.

United States Court of Appeals, Sixth Circuit.

July 18, 1984.

Joseph C. Marshall, III, Detroit, Mich., John Corbett O'Meara, Thomas G. Kienbaum, argued, Henry W. Saad, Detroit, Mich., for defendant-appellant.

Dorothy M. Smith, Detroit, Mich., J. Kenneth L. Morse, Detroit, Mich., Mark S. Flynn, argued, Appellate Div., E.E.O.C., Washington, D.C., for plaintiff-appellee.

Before LIVELY, Chief Judge, MERRITT, Circuit Judge; JOHNSTONE, District Judge *.

## ORDER DENYING PETITION FOR REHEARING EN BANC

A majority of the Court having not voted in favor of an en banc rehearing, the petition for rehearing has been referred to the hearing panel for disposition.

In its petition for rehearing, Chrysler focused solely on the question whether we erred by affirming the District Court's conclusion that the EEOC had established the requisite irreparable harm for a preliminary injunction. In addition to those reasons given in our opinion, 733 F.2d 1183 (6th Cir.1984) affirming the judgment of the District Court, we point out that the instant case does not involve, as does *Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974), the usual order of reinstatement by a preliminary injunction. Rather, the District Court here

sought to have Chrysler place the forced retirees on the status which the District Court found Chrysler should have placed them on originally, namely, layoff status. *See E.E.O.C. v. Chrysler Corp.*, 546 F.Supp. 54, 72 (E.D.Mich.1982). It is clear that in fashioning its preliminary injunctive relief the District Court took into account the possible injury a delayed order of reinstatement might have had on individuals hired by Chrysler during the pendency of this lawsuit. *See Spagnuolo v. Whirlpool Corp.*, 717 F.2d 114 (4th Cir.1983) (where excessive delay in complying with reinstatement order, District Court may bump employee hired to fill comparable job during period after which original order issued). The District Court's preliminary injunction, therefore, was not an abuse of discretion, even if it ultimately had the incidental effect of reinstatement. Accordingly, we deny Chrysler's petition for rehearing.