EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,

v.

RHONE–POULENC, INC., Defendant.

Civ. No. 87–3807 (AET).

United States District Court,
D. New Jersey.

Jan. 21, 1988.

Jerome L. Merin, Asst. U.S. Atty., Deputy Chief, Civil Div., Newark, N.J., for plaintiff.

DeMaria, Ellis & Hunt, Newark, N.J., for defendant.

## OPINION

ANNE E. THOMPSON, District Judge.

This matter comes before the court on motion by defendant Rhone–Poulenc, Inc. ["Rhone"] for summary judgment. The plaintiff Equal Employment Opportunity Commission ["EEOC"] filed this action alleging unlawful employment practices in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ["ADEA"]. The plaintiff alleges that the defendant has unlawfully discharged James A. Clarke and other employees yet to be named.

■ Defendant Rhone argues that the class action alleged in the complaint cannot be maintained because the original charge of discrimination filed by Mr. Clarke did not refer to any other alleged actions with respect to other employees. Upon receipt of a charge the EEOC is required to notify the prospective defendant and attempt to effect voluntary compliance through informal conciliation. 29 U.S.C. § 626. Defendant argues that since the original claim filed by Clarke and forwarded to the defendant by the EEOC did not mention claims on behalf of other employees such claims cannot now be brought against the defendant. Defendant cites various cases in which an individual plaintiff attempted to file a class action although the initial charge had not indicated a class action. In the case now before the court, however, the class action was filed by the EEOC not by Mr. Clarke, the original complainant. The EEOC is empowered to enlarge upon the scope of a charge filed by an individual if in the course of its investigation it uncovers additional violations. The EEOC is not limited by the charge initially filed with it, instead it is limited "to the investigation reasonably expected to grow out of the initial charge of discrimination." *EEOC v. Westinghouse Elec. Corp.,* 632 F.Supp. 343, 362 (E.D.Pa.1986) (Appeal Pending) (*quoting EEOC v. KECO Industries, Inc.,* 748 F.2d 1097, 1101 (6th Cir.1984)). In this instance the class-based claim could have reasonably been expected to grow out of Clarke's initial complaint of age discrimination. After conducting an investigation the EEOC determined that it had sufficient evidence to charge that additional employees had been discharged in violation of the ADEA.

■ In order for the EEOC to file a lawsuit against a defendant it is not required to file a Notice of Charge or follow the procedures an individual is required to follow prior to filing a lawsuit pursuant to Title VII or the ADEA. The plaintiff did send a Letter of Violation dated September 8, 1966 in which it informed the defendant that "the EEOC has determined that the Rhone–Poulenc, Inc. has discriminated against individuals named and/or *yet to be named* in violation of Section 4(a)(1) of the ADEA." (Emphasis added). The only prerequisite under the ADEA prior to the filing of an action by the EEOC is that the EEOC must attempt conciliation. Defendant alleges that no conciliation attempts

were made with respect to any claims other than Clarke's claims. Defendant claims that no communication occurred between defendant and the EEOC concerning any claims other than those of Mr. Clarke. The Letter of Violation itself, however, indicates that the charges also cover other individuals yet to be named. Furthermore, on April 17, 1986 the EEOC requested from the defendant general information regarding all employees terminated since January 1, 1982 as well as specific information regarding three employees other than Clarke. The company was, therefore, on notice that the EEOC was investigating the company's treatment of employees other than Clarke.

■■■ The EEOC must make adequate attempts at conciliation prior to filing an action, adequate conciliation includes:

(1) informing the violator of ways in which he can bring himself into compliance with the Act;

(2) telling him that terminated employees may recover back pay;

(3) notifying him that the Department may institute legal action; and

(4) assuring him that he may respond to the violations, in light of the possible remedy.

*EEOC v. Chrysler Corp.*, 546 F.Supp. 54, 62 (E.D.Mich.1982), *aff'd* 733 F.2d 1183 (6th Cir.1984) (*quoting Marshall v. Sun Oil Co. (Delaware)*, 605 F.2d 1331, 1334 (5th Cir.), *reh'g denied* 610 F.2d 818 (5th Cir.1979). The EEOC is not required to provide documentation of individual attempts to conciliate on behalf of each potential claimant. *Id.* The court finds that the EEOC did make a fully adequate attempt at conciliation. Defendant acknowledges that an EEOC representative informed it that the Department might institute legal action. (DeMaria Affidavit, 5; Iatesta Affidavit, 6). At the conciliation conference on October 28, 1986 both sides indicated that specific financial settlements were discussed so the court can assume that the defendant was aware that the employees could recover back pay. Defendant makes no allegation that the EEOC did not inform it of the ways in which it could come into compliance nor that the EEOC did not assure

defendant it was entitled to respond to the charges. The defendant appears only to be complaining that specific conciliation did not occur as to each potential member of the class. As long as the EEOC made an attempt to conciliate, "the form and substance of those conciliations is within the discretion of the EEOC." *EEOC v. KECO Industries, Inc.*, 748 F.2d 1097, 1102 (6th Cir.1984). If the EEOC makes an initial sufficient "albeit limited effort" at conciliation then the requirement has been met. *EEOC v. Prudential Federal Savings and Loan Ass'n*, 763 F.2d 1166, 1169 (10th Cir. 1985), *cert. denied* 474 U.S. 946, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985). The court finds that based upon the evidence presented to it thus far the EEOC properly met the conciliation requirements. The court concludes that the defendant has not shown that this class action was improperly filed. The court will deny defendant's motion to dismiss the class action as alleged in the complaint.

■■■ The defendant also argues that the allegations regarding discrimination against James Clarke are barred by the applicable statute of limitations. The parties agree that the statute of limitations in an ADEA action is two years for a non-wilful violation and three years for a wilful violation. The statute of limitations begins to run on the date the adverse employment decision is communicated to the employee. *Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S.Ct. 28, 29, 70 L.Ed.2d 6 (1981). Clarke's employment at Rhone was terminated on December 2, 1983.

■■■ The EEOC is entitled to a tolling of the two or three year statute of limitations for the period during which it is attempting conciliation. 29 U.S.C. § 626(e)(2). Defendant argues that the tolling can only occur for that period during which the EEOC is actively attempting conciliation. The defendant maintains that in this action the EEOC is only entitled to a tolling period from the date of the Letter of Violation, September 8, 1986 until the December 8, 1986 letter indicating that the matter was being referred to the Legal Department. The EEOC is alleging a wilful violation by

Rhone. The court will, at this time, assume a three year statute of limitations, although the court notes that the EEOC must prove wilfulness at trial in order to conclusively determine the applicable statute of limitations. Clarke was dismissed December 2, 1983. Defendant argues that three years plus a three month tolling period would extend the statute of limitations to March 2, 1987. Defendant maintains that the EEOC complaint was filed six months too late.

Plaintiff contends that conciliation did not terminate on December 8, 1986. Plaintiff points out that the letter of December 8, 1986 indicates that the charge was referred to the Legal Department "for further consideration *as part of our conciliation process."* (Plaintiff's Exhibit 8) (emphasis added). The letter goes on to say "[t]o date we have been unable to effectuate an agreement for this charge *but we are still interested in receiving a suitable proposal."* (Emphasis added). These statements do not indicate a termination of conciliation, rather they indicate that the EEOC continues to be open to any voluntary settlement suggestions by the defendant. The letter sent by the EEOC to the defendant in *EEOC v. Colgate-Palmolive Co.,* 586 F.Supp. 1341 (S.D.N.Y.1984), conveyed a different message. That letter noted that the defendant had failed to provide requested information or to respond to proposals and stated that if the defendant did not provide specific responses the file would be referred to the legal department with a recommendation that legal action begin. *Id.* at 1334. This letter, in conjunction with the court papers submitted by the EEOC which stated that as of the date of the letter the EEOC viewed conciliation efforts as having failed, led the court to conclude that the EEOC was no longer seeking conciliation after the letter at issue was sent. *Id.* at 1344–5. In the case now before the court the December 8, 1986 letter does not contain any statement that conciliation attempts are being terminated nor has the EEOC stated that as of the date of the letter it considered attempts to conciliate over. The court finds that it does not at this time have sufficient evidence before it to determine that as of December 8, 1986 the EEOC had terminated its conciliation process and that the tolling period had ended. The fact that defendant did not respond to the December 8, 1986 letter with a new proposal for a settlement with the EEOC, does not necessarily mean the conciliation period was brought to a close. Furthermore, conciliation efforts began by the EEOC continued with Mr. Clarke's attorney. The court will deny defendant's motion for summary judgment on the ground that claims regarding discrimination against Clarke are barred by the statute of limitations. The court will sign plaintiff's order.