## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

v.

## RHONE–POULENC, INC., Appellant.

### No. 88–5424.

United States Court of Appeals, Third Circuit.

Argued Nov. 14, 1988.

Decided June 8, 1989.

Rehearing and Rehearing In Banc Denied July 13, 1989.

Ronald H. DeMaria (argued), DeMaria, Ellis & Hunt, Newark, for appellant.

Jerome L. Merin (argued), Asst. U.S. Atty., Newark, for appellee.

Before HIGGINBOTHAM and MANSMANN, Circuit Judges, and DUMBAULD,* District Judge.

### OPINION OF THE COURT

PER CURIAM.

The appellant has filed a petition for rehearing in this matter on which a judgment order was entered. Appellant claims that it does not know the reason why a judgment order was entered. The petitioner asserts

that this case brought to the Third Circuit for decision, two critically important questions of first impression involving

Pennsylvania, sitting by designation.

the interpretation and application of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* The first question, which has not been decided by either the United States Supreme Court or by any Court of Appeals, involves the criteria by which to determine the end of the tolling period of the statute of limitations during the period of conciliation under 29 U.S.C. § 626(e)(2). The second question, which similarly has not been decided by the United States Supreme Court or the Third Circuit, is whether a class action suit can be maintained on behalf of individuals for whom no conciliation efforts of any kind were undertaken.

Petition for Rehearing at 1.

Judge Thompson, in her opinion at 677 F.Supp. 264 (D.N.J.1988), answered each of these not-so-novel issues. Judge Thompson properly noted that Congress has established, under 29 U.S.C. § 626(e)(2), the criteria for the tolling of the statute of limitations, namely, that "[t]he EEOC is entitled to a tolling of the two or three year statute of limitations for the period during which it is *attempting conciliation.*" 677 F.Supp. at 266 (emphasis added). Moreover, Judge Thompson correctly held that, in a class action suit, "[t]he EEOC is not required to provide documentation of individual attempts to conciliate on behalf of each potential claimant." *Id.* (citation omitted).

To eliminate any confusion as to what was the panel's reason for affirming the district court, the judgment order of this Court, previously entered on April 13, 1989, is vacated, and the judgment of the Court below is again affirmed for the reasons noted in Judge Thompson's opinion.