**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**HUGIN SWEDA, INC., Defendant.**

**Civ. A. No. 90–2648.**

United States District Court,
D. New Jersey.

Nov. 14, 1990.

Valerie Toohey O'Dell, E.E.O.C., Philadelphia, Pa., for plaintiff.

Patrick Brady, James Patterson, Carpenter, Bennett & Morrissey, Newark, N.J., for defendant.

## OPINION

WOLIN, District Judge.

This matter is before the Court on defendant's motion for summary judgment. Defendant argues that plaintiff Equal Employment Opportunity Commission failed to fulfill its statutory duty to engage in conciliation of the matter prior to commencing a lawsuit under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* For the reasons expressed in this opinion, the Court finds that the EEOC has not satisfied its obligation to conciliate prior to bringing this action. Rather than grant summary judgment, the Court will stay this action to provide the EEOC with an opportunity to conciliate in good faith with the defendant.

### I. BACKGROUND

On May 2, 1989, Frank DeGregorio and Raymond Sprogis filed charges with the EEOC alleging that their employer, Hugin Sweda, Inc., fired them because of their ages. The EEOC investigated these charges and determined that age played a role in Hugin Sweda's decision to fire these and other employees. On March 5, 1990, the EEOC issued Letters of Violation setting forth the EEOC's determination that Hugin Sweda had discriminated against DeGregorio, Sprogis and other unnamed individuals in violation of Section 4(a) of the ADEA. The letters stated that the EEOC "was prepared to conciliate" and that an EEOC representative would contact the parties concerning the conciliation process.

On March 9, 1990, the EEOC investigator, Delia Hernandez, left a message for defendant's counsel, Patrick Brady, to call

her to discuss conciliation. On March 22, Ms. Hernandez called Mr. Brady and they conversed regarding the charges. Ms. Hernandez described how Hugin Sweda could comply with the ADEA and stated that the company must reinstate DeGregorio and Sprogis and provide them with back pay. The parties also discussed a possible date for a conciliation meeting. On March 27, 1990, Ms. Hernandez telephoned Mr. Brady advising him that the EEOC could hold a conciliation conference on March 29. Mr. Brady agreed and requested that the EEOC provide the basis for computing the back pay demands.

On March 28, Ms. Hernandez called Mr. Brady to inform him that the March 29 conference had been canceled because the matter had been transferred to the EEOC legal department. Mr. Brady expressed his willingness to reschedule the conference. No further communication occurred between the EEOC and Hugin Sweda. On July 5, 1990 the EEOC filed this suit on behalf of DeGregorio, Sprogis and individuals similarly situated alleging violations of the ADEA.

## II. DISCUSSION

Section 7(b) of the ADEA provides that the EEOC "shall attempt to eliminate the discriminatory practice ... alleged, and to effect voluntary compliance ... through informal methods of conciliation, conference, and persuasion" prior to instituting a lawsuit. 29 U.S.C. § 626(b). The purpose of this requirement is to encourage the settlement of discrimination cases through voluntary compliance, rather than litigation. *EEOC v. Prudential Federal Savings & Loan Ass'n*, 763 F.2d 1166 (10th Cir.), *cert. denied*, 474 U.S. 946, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985).

Several standards have been employed to describe the EEOC's duty to conciliate under this section. For instance, Section 7(b) has been interpreted as requiring a genuine, good faith effort to conciliate by the EEOC. *EEOC v. Keco Industries, Inc.*, 748 F.2d 1097, 1102 (6th Cir.1984). Other courts have evaluated the EEOC's duty to conciliate by considering the "reasonable-

ness and responsiveness of the EEOC's conduct under all the circumstances." *EEOC v. Klingler Elec. Corp.*, 636 F.2d 104, 107 (5th Cir.1981); *EEOC v. KDM School Bus Co.*, 612 F.Supp. 369 (S.D.N.Y. 1985). Other cases have explained that the EEOC's efforts are sufficient if "it makes a sincere and reasonable effort to negotiate by providing the defendant an 'adequate opportunity to respond to all charges and negotiate possible settlements.'" *Prudential Federal Savings*, 763 F.2d at 1169 (quoting *Marshall v. Hartford Fire Insurance Co.*, 78 F.R.D. 97, 107 (D.Conn.1978)); *see also EEOC v. Westinghouse Elec. Corp.*, 632 F.Supp. 343, 361 (E.D.Pa.1986), *aff'd in part and vacated in part on other grounds*, 869 F.2d 696 (3d Cir.1989), *vacated mem.*, —— U.S. ——, 110 S.Ct. 37, 107 L.Ed.2d 7 (1989), *on remand*, 907 F.2d 1354 (3d Cir.1990).

Recently, another court in this district listed some of the appropriate factors to consider in determining whether the EEOC has made an adequate attempt to conciliate prior to filing an action. These factors include:

> (1) informing the violator of ways in which he can comply with the Act,
>
> (2) telling him that terminated employees may recover back pay,
>
> (3) notifying him that the EEOC may institute legal action,
>
> (4) assuring him that he may respond to the violations in light of the possible remedy.

*EEOC v. Rhone–Poulenc, Inc.*, 677 F.Supp. 264 (D.N.J.1988), *aff'd per curiam*, 876 F.2d 16 (3d Cir.1989); *EEOC v. Chrysler Corp.*, 546 F.Supp. 54, 62 (E.D.Mich. 1982), *aff'd*, 733 F.2d 1183 (6th Cir.1984).

In light of these standards, the Court will evaluate the EEOC's efforts to conciliate with Hugin Sweda. The EEOC certainly satisfied the second and third factors listed in *Rhone–Poulenc*. By letters on March 5, 1990, the EEOC notified Hugin Sweda that it had determined that the Company had violated the ADEA in terminating DeGregorio and Sprogis and that the agency might institute legal action. In her telephone conversation with Mr. Brady on

March 27, 1990, Ms. Hernandez informed him that the two former employees were entitled to reinstatement and back pay.

In addition, Ms. Hernandez apparently notified Mr. Brady that Hugin Sweda could comply with the ADEA by reinstating the two employees and granting them back wages. This statement satisfies the first requirement. However, the EEOC does not appear to have assured Hugin Sweda that it would have the opportunity to respond to the charges in light of the proposed remedies. The letters sent by the EEOC stated that the EEOC would contact the defendant to discuss conciliation but did not invite Hugin Sweda to communicate with the EEOC. Furthermore, the EEOC canceled the conciliation conference with Hugin Sweda that had been scheduled for March 29, 1990. Although the EEOC claims that it canceled this conference because the defendant was unwilling to provide reinstatement. This action foreclosed any meaningful opportunity for the defendant to respond to these charges. The EEOC's cancellation of the conference denied the defendant an opportunity to respond to the charges and negotiate a settlement. *Prudential Federal Savings,* 763 F.2d at 1169, and failed to fulfill the fourth factor.

The EEOC's compliance with its obligation to conciliate is measured by the effort that it expends. *Keco Industries,* 748 F.2d at 1102. The EEOC sent Letters of Violation regarding the DeGregorio and Sprogis charges and spoke with Hugin Sweda's counsel twice by telephone. However, no conciliation meeting was ever held. Despite Hugin Sweda's willingness to reschedule a conciliation conference, the EEOC made no further efforts to reach an agreement with Hugin Sweda. In most other cases where conciliation efforts were deemed to be sufficient, the EEOC had held a conciliation meeting with the defendant. *See, e.g., Rhone–Poulenc,* 677 F.Supp. at 266; *Westinghouse Elec. Corp.,* 632 F.Supp. at 361. By contrast, failure to hold a conciliation conference has been an important factor in determining that the EEOC has not fulfilled its statutory duty to conciliate. *EEOC v. American Express Pub. Corp.,* 681 F.Supp. 216, 219 (S.D.N.Y. 1988); *EEOC v. One Bratenahl Place Condominium Ass'n,* 644 F.Supp. 218, 221 (N.D.Ohio 1986) ("Such a meeting would have provided a forum for the free exchange of ideas and proposals to hopefully reach mutually-accepted remedies.").

Furthermore, while the EEOC's letters of violation mentioned the possibility of charges by other unnamed individuals, the EEOC failed to discuss these other charges with Hugin Sweda at any time during its communications with the company. While the EEOC is not obligated to conduct conciliation with respect to each member or potential member of a class, *Rhone–Poulenc,* 677 F.Supp. at 266, it should at least put defendant on notice that a class action may be brought. In *Rhone–Poulenc,* the EEOC, in addition to its violation letters suggesting the possibility of action on behalf of unnamed individuals, the EEOC had requested general information from the company regarding all employees terminated after a specific date, as well as specific information on three other employees. *Id.* This action put the defendant on notice that the EEOC was investigating the company's treatment of employees other that the one named in the violation letter. *Id.* By contrast, in *American Express,* the court found that efforts to conciliate on behalf of individuals not named in the letter of violation were insufficient where the letter focused on individual charges and no other notice of a class action was given. 681 F.Supp. at 221.

The EEOC relies solely on its Letters of Violation as notification to Hugin Sweda that the EEOC planned to file a class action on behalf of other unnamed employees. This notification is insufficient, and the EEOC should provide the defendant with information regarding these other employees. While it is unnecessary to conciliate with respect to each individual charge, the defendant should have the opportunity to negotiate at least generally with respect to the additional claims on behalf of class members.

Where the EEOC has made sufficient but limited initial effort to conciliate, the

minimal jurisdictional requirement is satisfied and the action is properly before a court. *Prudential Federal Savings,* 763 F.2d at 1169. Rather than dismiss the case, if a court finds that further conciliation efforts are required, the proper course is to stay proceedings until such informal proceedings can be concluded. *Id. See also One Bratenahl Place,* 644 F.Supp. at 221.

The Court finds that the EEOC's initial efforts to conciliate were adequate to meet minimal jurisdictional requirements. However, further conciliation is required for the EEOC to completely fulfill, in good faith, its statutory duty to resolve the matter through informal means with respect to both the DeGregorio and Sprogis charges and the class action. While a conciliation conference may not always be required, the Court advises the EEOC that a conciliation conference is likely to provide the defendant with an adequate opportunity to respond to the charges and negotiate a settlement.

"[S]ummary judgment is far too harsh a sanction to impose on the EEOC even if the court should ultimately find that conciliation efforts were prematurely aborted." *Klingler Elec. Corp.,* 636 F.2d at 107. Thus, rather than grant summary judgment in favor of the defendant, the Court will stay this action for a period of 45 days to provide the parties with the opportunity to engage in conciliation.

### III.  CONCLUSION

For the above reasons, the Court will deny defendant's motion for summary judgment. However, the Court will stay this action for 45 days from the filing date of this order to provide the opportunity for meaningful conciliation. During this period of time, the case will be transferred to the Office of the Clerk of the United States District Court for the District of New Jersey, where it shall be placed on suspended status and removed from the Court's docket. This case shall remain on suspended status until the stay order is removed. The parties shall provide immediate written notification to the Court when the conciliation process has been completed along with a status report. The Clerk of the Court will then transfer these matters back to the docket of this Court where they will resume active status and proceed to trial.