**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**SEARS, ROEBUCK AND CO., Defendant.**

**No. Civ.A. 04–4574(JHR).**

United States District Court, D. New Jersey.

May 20, 2005.

Rachel M. Smith, United States Equal Employment Opportunity Commission, Philadelphia, PA, for Plaintiff.

Robert James Toy, Post & Schell, P.C., Philadelphia, PA, for Defendant.

## ORDER

RODRIGUEZ, District Judge.

This matter is before the Court on the Motion of Defendant Sears, Roebuck and Co. ("Sears") to Dismiss the Complaint of Plaintiff Equal Employment Opportunity Commission ("EEOC") pursuant to Fed. R.Civ.P. 12(b)(6). For the reasons discussed below, the Court will deny Sears' Motion to Dismiss.

### I. Factual Background and Procedural History

The EEOC filed the Complaint in this action on September 21, 2004 to correct allegedly unlawful employment practices on the basis of age. The Complaint alleges that Sears violated the Age Discrimination in Employment Act ("ADEA") in its treatment of Lynda Martin, age 51. (Compl. at ¶¶ 7–11.)

On April 28, 2003, Lynda Martin resigned as Assistant Store Manager of the Sears store in Burlington, New Jersey in response to what she alleged was a pattern of age discrimination against her. (Compl. at ¶¶ 7–8.) On August 12, 2003, Martin filed a charge of age discrimination and retaliation against Sears with the EEOC. (Def.'s Mot. to Dismiss at Exh. A.) The EEOC began its investigation on October 27, 2003, and issued a Letter of Determination on July 28, 2004. (Id. at Exh. D.) The Letter of Determination stated that violations of the ADEA had occurred, and that conciliation of the matter had begun. (Id. at p. 2.)

On August 9, 2004, the EEOC sent Sears a Revised Conciliation Agreement by facsimile, requesting for Martin back pay in the amount of $25,012 "or whatever her annual salary was" (plus interest from April 26, 2003), as well as double the amount of back pay as liquidated damages, representing damages for emotional distress and pain and suffering. (Def.'s Mot. to Dismiss, Exh. E at 4, ¶¶ 1–2.) Negotiations between the parties ensued, the substance of which is in dispute. On August 30, 2004, the EEOC sent Sears a Notice of Conciliation Failure, stating that efforts at conciliation had proven unsuccessful, and that the EEOC retained the possibility of bringing suit against Sears. (Def.'s Mot. to Dismiss, Ex. G.)

Sears has filed this Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) based on its position that the EEOC failed to conciliate in good faith as mandated by the

ADEA and the EEOC Compliance Manual.

## II. Discussion

### A. Standard for Dismissal

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A district court must accept any and all reasonable inferences derived from those facts. *Glenside West Corp. v. Exxon Co., U.S.A., Div. of Exxon Corp.*, 761 F.Supp. 1100, 1107 (D.N.J.1991). Further, the court must view all allegations in the Complaint in the light most favorable to the plaintiff. *See Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683; *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

It is not necessary for the movant to plead evidence, and it is not necessary to plead the facts that serve as the basis for the claim. *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3d Cir.1977). The question before the court is not whether movants will ultimately prevail; rather, it is whether they can prove any set of facts in support of their claims that would entitle them to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Therefore, in deciding a motion to dismiss, a court should look to the face of the pleadings and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the non-movant, the allegations state a legal claim. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint are taken into consideration. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990).

### B. The Parties' Arguments

██ Sears argues that this Court does not have jurisdiction over Martin's case because the EEOC failed to satisfy its statutory duty to first conciliate this matter in good faith. Sears' argument of bad faith conciliation is premised on the amount requested in the Revised Conciliation Agreement, the additional request for liquidated damages in the Agreement, and the alleged failure of the EEOC to hold a face to face meeting with Sears regarding Martin's case. By failing to conciliate in good faith, Sears asserts that the EEOC has failed to meet the jurisdictional prerequisite to litigation of Martin's claim.

The EEOC argues that it did fulfill its statutory duty to conciliate in good faith before bringing suit against Sears. It argues that the scope of conciliation is within its discretion, and that the efforts it made towards conciliation were sufficient. The face of the Complaint indicates that all conditions precedent to the institution of the lawsuit were fulfilled. (Compl. at ¶ 6.)

### C. EEOC's Duty to Conciliate

██ The EEOC has a duty to conciliate claims brought under the ADEA pursuant to 29 U.S.C. § 626(b). Section 626(b) provides in relevant part

(b) Enforcement; ... judicial relief; conciliation, conference, and persuasion

In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum

wages or unpaid overtime compensation under this section. Before instituting any action under this section, the Equal Employment Opportunity Commission shall *attempt* to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion.

29 U.S.C. § 626(b) (2000) (emphasis added). An attempt at conciliation is considered adequate when it includes

(1) informing the violator of ways in which he can bring himself into compliance with the Act;

(2) telling him that terminated employees may recover back pay;

(3) notifying him that the Department may institute legal action; and

(4) assuring him that he may respond to the violations, in light of the possible remedy.

*EEOC v. Rhone–Poulenc, Inc.*, 677 F.Supp. 264, 266 (D.N.J.1988), *aff'd* 876 F.2d 16 (3d Cir.1989). The EEOC's conciliation efforts must be viewed in light of these standards. *EEOC v. Hugin Sweda Inc.*, 750 F.Supp. 165, 166 (D.N.J.1990).

The EEOC has satisfied the four factors listed above. In its Revised Conciliation Agreement of August 9, 2004, the EEOC informed Sears of the violations of the ADEA found and the ways Sears could bring itself into compliance with the Act, including compensation to Martin, agreement to refrain from retaliation, adherence to notice and training requirements, and expungement of unsatisfactory entries from Martin's personnel files. (Def.'s Mot. to Dismiss, Exh. E.) In its Letter of Determination of July 24, 2004, Sears was informed that the EEOC could seek back pay for Martin as a result of the ADEA violations, that the EEOC retained all court enforcement alternatives available to

it, and that Sears was invited to respond to the letter and its determination that ADEA violations had occurred. (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, Exh. B.)

Sears has not addressed these factors, focusing instead on the amount requested by the EEOC, including the request for liquidated damages, as proof that the EEOC made a bad faith attempt at conciliation. The EEOC is required to conciliate in good faith. *EEOC v. Equicredit Corp. of Am.*, No. 02–CV–844, 2002 WL 31371968, at *3 (E.D.Pa. Oct. 8, 2002). However, "the discretion as to the 'form and substance' of what the conciliation proposal should include is vested in the EEOC as the agency created to administer and enforce our employment discrimination laws." *Id.* (citation omitted) Furthermore, while the EEOC's Compliance Manual states that liquidated damages are ordinarily sought once a case has gone to litigation, it does not prohibit seeking such damages during the conciliation process. *See* EEOC Compliance Manual § 60.8 (2002). The EEOC's proposal is not to be subject to " 'judicial second-guessing' " and is not evidence of bad faith simply because it proposed an amount with which Sears does not agree. *See Equicredit Corp.*, 2002 WL 31371968 at *3 (citation omitted).

Sears further maintains that the EEOC's attempt at conciliation was in bad faith because of the lack of any face to face meeting regarding Martin's case. The EEOC's Compliance Manual instructs the agency on how to engage in conciliation, and provides in relevant part that "[g]enerally, [the EEOC should] conciliate with respondent face-to-face. If this cannot be arranged, or if the proposed agreement is straightforward and brief, conciliate by phone." EEOC Compliance Manual § 62.4 (2002). Here, conciliation was conducted by several telephone calls and facsimilies.

Therefore, while a conciliation meeting is a factor in finding that the EEOC's efforts were sufficient, it is not always required. *Hugin Sweda Inc.,* 750 F.Supp. at 167–68. Given the discretion afforded the EEOC in the form and substance of conciliation, it cannot be said that the lack of a face to face meeting renders the EEOC's entire conciliation process a bad faith effort for which dismissal of its claim is the proper remedy.

### III.   Conclusion

For the reasons set forth above,

IT IS ORDERED on this 20th day of May, 2005 that Defendant Sears' Motion to Dismiss the Complaint is hereby *DE-NIED.*